DECISION.
{¶ 1} Petitioner-appellant Michael Bies has taken the instant appeal from the common pleas court's dismissal of his second postconviction petition. On appeal, he advances twelve assignments of error. For the reasons that follow, we affirm the judgment of the court below.
{¶ 2} The appellant was convicted in October of 1992 of aggravated murder, attempted rape, and kidnapping in connection with the death of ten-year-old Aaron Raines. For the offense of aggravated murder, the trial court imposed a sentence of death. The judgment of conviction was affirmed by this court, see State v. Bies (Mar. 30, 1994), 1st Dist. No. C-920841, and by the Ohio Supreme Court. See State v. Bies,74 Ohio St.3d 320, 1996-Ohio-276, 658 N.E.2d 754. The United States Supreme Court denied the appellant's petition for a writ of certiorari. See Bies v. Ohio (1996), 517 U.S. 1238, 116 S.Ct. 1885.
{¶ 3} The appellant filed his first petition for postconviction relief in September of 1996. The common pleas court denied the petition, and the denial of the petition was affirmed by this court, see State v.Bies (June 30, 1999), 1st Dist. No. C-980688, and by the Ohio Supreme Court. See State v. Bies (1999), 87 Ohio St.3d 1440, 719 N.E.2d 4.
{¶ 4} In October of 2001, the appellant filed his second postconviction petition. He also filed a number of related motions, including a motion seeking the court's leave to conduct discovery, a motion seeking funds to employ a psychological expert, and a "Motion to Declare O.R.C. § 2953.21 to .23 Unconstitutional." By entry dated April 16, 2002, the common pleas court declined to entertain the petition, and this appeal ensued.
 I.
{¶ 5} We address first the appellant's fifth through twelfth assignments of error, in which he challenges the common pleas court's failure to grant relief upon the various claims presented in his postconviction petition. As we noted supra, the appellant has taken this appeal from the dismissal of his second postconviction petition. R.C.2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a successive postconviction petition: The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the filing of his previous petition;and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A).
{¶ 6} We conclude that the common pleas court properly declined to entertain the appellant's second postconviction petition, because the record does not demonstrate either that the appellant was unavoidably prevented from discovering the facts underlying his claims or that his claims were predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the filing of his first petition. Accordingly, we overrule his fifth through twelfth assignments of error.
 II.
{¶ 7} In his first assignment of error, the appellant contends that this court had no jurisdiction over his direct appeal, because the trial court, in drafting the judgment of conviction, failed to comply with Crim.R. 32 by including in the judgment entry the appellant's pleas. This challenge is feckless.
{¶ 8} We note that the appellant presents this challenge for the first time here, on appeal from the dismissal of his second postconviction petition. Had he presented this challenge in the form of a claim for relief in his second petition, the claim would have been subject to dismissal, along with the petition's other claims, under R.C.2953.23. As it is, the appellant's failure to present this challenge as a claim for relief in his postconviction petition precludes its review on appeal from the judgment dismissing the petition. See State v. Gipson
(Sept. 26, 1997), 1st Dist. Nos. C-960867 and C-960881. We, therefore, overrule the first assignment of error.
 III.
{¶ 9} The appellant's second and third assignments of error present, in essence, a challenge to the common pleas court's failure to permit discovery. In his second assignment of error, he asserts that the common pleas court erred in failing to grant his motion for discovery. In his third assignment of error, he contends that the court erred in "overrul[ing]" his motion for funds to retain a psychological expert.[1]
In support of his assignments of error, he argues that the evidentiary material submitted in support of his petition warranted, and due process required, that he be permitted to conduct discovery and that he be afforded funding for a psychological expert to aid him in developing his postconviction claims. We find no merit to either challenge.
{¶ 10} We have held that the postconviction statutes do not contemplate discovery in the initial stages of postconviction proceedings, see State v. Byrd (2001), 145 Ohio App.3d 318, 332-333,762 N.E.2d 1043, and that the failure of the statutes to so provide does not contravene any state or federal constitutional right. See State v.Jones (Dec. 29, 2000), 1st Dist. No. C-990813. We have also held that a postconviction petitioner is not entitled to discovery to develop his claims if the petition and its supporting evidentiary material do not demonstrate substantive grounds for relief. See State v. Issa, 1st Dist. No. C-000793, 2001-Ohio-3910.
{¶ 11} We here hold that the common pleas court did not err in declining to afford the appellant discovery or the funding for an expert to aid in discovery, when his postconviction petition was subject to dismissal under R.C. 2953.23. And, on that basis, we overrule the second and third assignments of error.
 IV.
{¶ 12} In his fourth assignment of error, the appellant contends that the common pleas court erred by failing to declare R.C. 2953.21 and2953.23(A)(2) unconstitutional. This challenge is untenable.
{¶ 13} As we noted supra, the appellant filed in conjunction with his postconviction petition a "Motion to Declare O.R.C. § 2953.21 to .23 Unconstitutional."[2] In this motion, he asserted, first, that R.C. 2953.21 does not comport with the dictates of due process as guaranteed under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. He offered in support of this contention the fact that the statute has provided relief to only one postconviction petitioner who had been sentenced to death. We addressed this precise challenge in State v. Fautenberry (Dec. 31, 1998), 1st Dist. No. C-971017, and found it wanting. Thus, on the authority of our decision inFautenberry, we hold that the common pleas court properly rejected the appellant's challenge to the constitutionality of R.C. 2953.21.
{¶ 14} The appellant, in his motion, also challenged R.C.2953.23(A), both on its face and as applied to him. Specifically, he argued that the jurisdictional hurdles posed by R.C. 2953.23(A)(2) violate the Supremacy Clause of the United States Constitution, the doctrine of separation of powers embodied in the federal and state constitutions, and the "due course of law" and "open courts" provisions contained in Section 16, Article I of the Ohio Constitution.
{¶ 15} This court has yet to address these precise challenges on their merits. See State v. Sanders, 1st Dist. No. C-020077, 2002-Ohio-5093. But the Court of Appeals for the Twelfth District has, and it has found R.C. 2953.23 to pass constitutional muster. See Statev. McGuire (Apr. 23, 2001), 12th Dist. No. CA2000-10-011; see, also,State v. Davie, 11th Dist. No. 2000-T-0104, 2001-Ohio-8813. Although the decision of that court is not binding on this court, we are persuaded by the force of its logic to hold that the court below properly rejected the appellant's challenge to the constitutionality of R.C. 2953.23(A)(2). Accord State v. Lott, 8th Dist. Nos. 79790, 79791, and 79792, 2002-Ohio-2752; State v. Taylor, 8th Dist. No. 80271, 2002-Ohio-2742. Accordingly, we overrule the fourth assignment of error.
{¶ 16} Having thus found no merit to any aspect of the assignments of error presented on appeal, we affirm the judgment of the common pleas court.
Judgment affirmed.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] Although the common pleas court failed to place of record an entry expressly overruling the appellant's motion seeking the court's leave to conduct discovery or his motion seeking funds to employ a psychological expert, we construe the court's entry dismissing his postconviction petition to constitute an implicit denial of these discovery requests. SeeState v. Hawkins (June 26, 1996), 1st Dist. No. C-950130.
[2] Again, the common pleas court's failure to place of record an entry expressly overruling the appellant's motion does not preclude appellate review. The court's denial of the motion may be implied from its application of R.C. 2953.21 and 2953.23 to dismiss the appellant's postconviction petition.